Abdallah v City of New York

2026 NY Slip Op 03132

May 20, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Haytham Abdallah, appellant,

v

City of New York, et al., defendants, New York City Transit Authority, et al., respondents (and a third-party action).

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 20, 2026

2024-08331, 2024-08332, (Index No. 508339/20)

Lara J. Genovesi, J.P.

Lillian Wan

Janice A. Taylor

Donna-Marie E. Golia, JJ.

Elefterakis, Elefterakis & Panek, New York, NY (Gennaro Savastano of counsel), for appellant.

Anna J. Ervolina, Brooklyn, NY (Theresa A. Frame of counsel), for respondents.

[*1]

DECISION & ORDER

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Patria Frias-Colón, J.), dated April 22, 2024, and an amended order of the same court dated May 24, 2024. The order and the amended order, insofar as appealed from, granted that branch of the motion of the defendants New York City Transit Authority, Metropolitan Transportation Authority, MTA Bus Company, and Manhattan and Bronx Surface Transit Operating Authority, sued herein as MABSTOA, which was for summary judgment dismissing the amended complaint insofar as asserted against them and denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against those defendants.

ORDERED that the appeal from the order dated April 22, 2024, is dismissed, as that order was superseded by the amended order dated May 24, 2024; and it is further,

ORDERED that the amended order is affirmed insofar as appealed from; and it is further,

ORDERED that one bill of costs is awarded to the defendants New York City Transit Authority, Metropolitan Transportation Authority, MTA Bus Company, and Manhattan and Bronx Surface Transit Operating Authority, sued herein as MABSTOA.

In September 2019, the plaintiff allegedly was injured while he was a passenger on a bus operated by an employee of the defendant New York City Transit Authority, and the bus operator applied the brakes to avoid a collision with a vehicle, owned and operated by the defendant Michael Netta, that abruptly cut in front of the bus. In May 2020, the plaintiff commenced this action to recover damages for personal injuries against, among others, the defendants New York City Transit Authority, Metropolitan Transportation Authority, MTA Bus Company, and Manhattan and Bronx Surface Transit Operating Authority, sued herein as MABSTOA (hereinafter collectively the Transit defendants).

In June 2023, the Transit defendants moved, inter alia, for summary judgment dismissing the amended complaint insofar as asserted against them. In July 2023, the plaintiff moved, among other things, for summary judgment on the issue of liability against the Transit defendants. In an order dated April 22, 2024, and an amended order dated May 24, 2024, the Supreme Court, inter alia, granted that branch of the Transit defendants' motion and denied that branch of the plaintiff's motion. The plaintiff appeals.

"A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle" (Madrigal v Paragon Motors of Woodside, Inc., 236 AD3d 885, 887 [alterations and internal quotation marks omitted]; see Nicola v Nicolas, 208 AD3d 791, 792-793). "Thus, a rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, requiring that operator to come forward with evidence of a nonnegligent explanation for the collision to rebut the inference of negligence" (Maurice v Donovan, 235 AD3d 633, 634 [internal quotation marks omitted]; see Donnellan v LaMarche, 221 AD3d 783, 784). "'A nonnegligent explanation includes, but is not limited to, sudden or unavoidable circumstances'" (Munoz v Agenus, Inc., 207 AD3d 643, 645 [internal quotation marks omitted], quoting Drakh v Levin, 123 AD3d 1084, 1085; see Fumo v Ortiz, 241 AD3d 877, 878). Additionally, pursuant to the emergency doctrine, "when an actor is faced with a sudden and unexpected circumstance which leaves little or no time for thought, deliberation or consideration, or causes the actor to be reasonably so disturbed that the actor must make a speedy decision without weighing alternative courses of conduct, the actor may not be negligent if the actions taken are reasonable and prudent in the emergency context" (Mulombo v City of New York, 239 AD3d 665, 666 [internal quotation marks omitted]; see Wilson v New York City Tr. Auth., 219 AD3d 1563, 1564-1565).

Here, in support of their respective motions, the plaintiff and the Transit defendants submitted, among other things, transcripts of the deposition testimony of the plaintiff and the bus operator, as well as surveillance footage of the accident from the bus's cameras. The evidence established that the collision was caused by Netta's sudden and unforeseeable actions and that the actions of the bus operator in braking to avoid the collision were reasonably prudent in an emergency situation not of his own making (see Rasweiler v Town of Huntington, 220 AD3d 675, 676; Martin v PTM Mgt. Corp., 214 AD3d 782, 783). In opposition, the plaintiff failed to raise a triable issue of fact. For the same reasons, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the issue of liability against the Transit defendants.

Moreover, contrary to the plaintiff's contention, the plaintiff's new claims of violations of certain federal and state regulations, and that the plaintiff was not standing behind a certain line on the bus, constituted new theories of liability that were not alleged in the notice of claim and substantially altered the theory of liability set forth in the notice of claim (see Belenkaya v City of New York, 240 AD3d 469, 471; C.D. v Goshen Cent. Sch. Dist., 186 AD3d 1316, 1318). Thus, the plaintiff could not properly rely on these new theories of liability to defeat that branch of the Transit defendants' motion which was for summary judgment dismissing the amended complaint insofar as asserted against them.

Accordingly, the Supreme Court properly granted that branch of the motion of the Transit defendants which was for summary judgment dismissing the amended complaint insofar as asserted against them and denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability against those defendants.

The plaintiff's remaining contentions are without merit.

GENOVESI, J.P., WAN, TAYLOR and GOLIA, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court